**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | Case No. 2:15-cr-00247 |
| **Plaintiff,** : | |
| : | **CHIEF JUDGE ALGENON L. MARBLEY** |
| v. : | |
| : | |
| **ROOSEVELT KELLY,** : | |
| : | |
| **Defendant.** : | |

**OPINION & ORDER**

This matter comes before the Court on Defendant Roosevelt Kelly's Motion for Compassionate Release. (ECF No. 28). For the following reasons, Defendant's Motion is **DENIED WITHOUT PREJUDICE.**

### I. BACKGROUND

On May 13, 2016, Roosevelt Kelly was sentenced to 84 months of imprisonment and 3 years of supervised released for one count of unlawful possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). (ECF No. 21). On September 23, 2020, Mr. Kelly filed a motion through counsel seeking to be released due to the COVID-19 pandemic and his medical conditions that he alleges put him at greater risk of serious illness or death if he contracts the virus. (ECF No. 28). On October 2, 2020, the Government filed a response in opposition to Mr. Kelly's motion, arguing that this Court should defer to the BOP's decisions regarding who is appropriate for home confinement, that the Defendant has not established "extraordinary and compelling reasons" justifying his release, and that Mr. Kelly's "pattern of violent, disturbing, antisocial behavior should disqualify him from consideration for compassionate release." (ECF No. 30).

## II. LAW & ANALYSIS

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a sentencing court may "reduce the term of imprisonment" of a defendant for "extraordinary and compelling reasons," but only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A); *see, e.g.*, *United States v. Raia*, -- F.3d --, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020). The Sixth Circuit has found that the statute's requirement that an individual must "fully exhaust[] all administrative rights to appeal" with the prison or to wait 30 days after his first request to be a "mandatory condition." *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020).

Mr. Kelly indicates that he submitted a formal request for compassionate release or reduction in sentence to the Warden on August 12, 2020 and received a denial letter on August 18, 2020. (ECF No. 28 at 2; ECF No. 28 Ex. 1). Mr. Kelly concedes that he has not exhausted all administrative appeals, but it has been more than 30 days since his request to the Warden. (*Id*. at 10–11). In its Response, the Government submits that the Warden did not "fail to act" on Mr. Kelly's request, but rather denied it and as such, "there is a persuasive argument that the defendant's motion for compassionate release is not properly before the Court." (ECF No. 30 at 4). The Government then indicated that it does not seek to enforce the mandatory claim-processing rule in this instance. (*Id.*).

This Court finds Mr. Kelly is not eligible for compassionate release from the Court because he has not demonstrated that he has exhausted his administrative remedies with the BOP, specifically that he has not exhausted all of his administrative appeals. The language used by Congress in the First Step Act underscores the mandatory nature of this requirement and as such,

courts do not have the discretion to waive it. *See* 18 U.S.C. § 3582(c) ("The *court may not* modify a term of imprisonment" except "upon motion of defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden.") (emphasis added). When Congress directs "obligatory language toward the courts," Congress has imposed "unyielding procedural requirements 'impervious to judicial discretion.'" *United States v. Dowl*, 956 F.3d 904, 908 (6th Cir. 2020) (per curiam) (quoting *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998)). Mandatory claim-processing rules such as that found in the First Step Act "seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times." *Manrique v. United States*, 137 S.Ct. 1266, 1272 (2017) (quoting *Henderson v. Shinseki*, 562 U.S. 428, 435 (2011)). The Sixth Circuit has found the exhaustion rule in the First Step Act to be a mandatory claim-processing rule, that when properly invoked, must be enforced. *Alam*, 960 F.3d at 834. In *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), the Sixth Circuit also noted that there are two primary exceptions to mandatory claim-processing rules: waiver and forfeiture. *See id.* Here, the Government has expressed an intent to waive the mandatory claim-processing rule. (ECF No. 30 at 4).

This Court's analysis concerning whether a party has satisfied the exhaustion requirement, however, does not end with the Government's waiver of the claim-processing rule. Rather, this Court next must consider whether, despite the Government's waiver, this Court must *sua sponte* enforce the mandatory claim-processing rule found in the First Step Act. In *United States v. Gaytan-Garza*, 652 F.3d 680 (6th Cir. 2011), the Sixth Circuit announced that, while it was not required to dismiss late-filed criminal appeals as a jurisdictional matter under Federal Rule of Civil Procedure Rule 4(b), nor was it precluded from dismissing *sua sponte* these late-filed appeals. 652

F.3d at 681. In reaching its holding in *Gaytan-Garza*, the Sixth Circuit relied in part on *United States v. Mitchell*, a decision from the U.S. Court of Appeals for the Tenth Circuit. *See id.* (citing *United States v. Mitchell*, 518 F.3d 740 (10th Cir. 2008)). In *Mitchell*, the Tenth Circuit found that it may be appropriate for a court to invoke a procedural rule *sua sponte* to protect "judicial interests beyond those of the parties" implicated by the rule, including promoting "the interests of judicial administration by minimizing uncertainty and waste of judicial resources." 518 F.3d at 750. The number of motions for compassionate release before this Court have increased substantially during the COVID-19 crisis. In reviewing these motions, this Court observes the need for firm, normative standards that will promote consistency and predictability for all parties involved, including the court itself. When one party may pick and choose whether and when to enforce a mandatory claim-processing rule, there exists the potential for arbitrary and capricious enforcement of the rule that flies in the face of predictability and efficiency. Some criminal defendants will not be subject to the full effect of the exhaustion requirement, while others will, and these defendants—and the Court—will not know which defendants are subject to the Government's enforcement of the rule until long after the motions have been filed. The potential for arbitrary enforcement is high, and there is a strong negative impact on this Court's ability to timely and efficiently resolve motions for compassionate release on the merits. In *Alam*, the Sixth Circuit found the enforcement of a mandatory claim-processing rule would help the Government "implement an orderly system for reviewing compassionate-release applications" and prevent "line jumping" on the part of criminal defendants. *Alam*, 960 F.3d at 834. In *sua sponte* requiring enforcement of this mandatory claim-processing rule, this Court seeks to implement an orderly system of compassionate release that prevents potential mischief that may be created when enforcement of the statutorily imposed exhaustion requirement is left to the whims of one side.

Until Mr. Kelly has filed an appeal and received a final administrative decision from the BOP's Director or General Counsel, or until 30 days have passed from the filing of Defendant's appeal, his administrative remedies have not been exhausted. As such, this Court finds that the statutory language of 18 U.S.C. § 3582(c)(1)(A) does not permit discretion to excuse Mr. Kelly's failure to fully exhaust his administrative remedies by filing an appeal of the denial of his request for compassionate release. Nor does it permit the Government to vacillate between enforcement and waiver of the requirement from case to case. This Court is sympathetic to the dangers posed by the COVID-19 pandemic and the heightened vulnerability of individuals with underlying health conditions. At this time, however, this Court need not reach the question of whether Mr. Kelly's motion alleges a sufficiently extraordinary and compelling reason to justify his release. Once he has exhausted his administrative remedies, he can file a motion with this Court pursuant to 18 U.S.C. § 3582(c)(1)(A).

For these reasons, Mr. Kelly's Motion for Compassionate Release (ECF No. 28) is **DENIED without prejudice.**

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  October 27, 2020**